UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT T. KIDD, JR.,

       Plaintiff,

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,
       Defendant.

_____/

Case No. 1:05-CV-19

Hon. Richard Alan Enslen

**JUDGMENT**

      This matter is before the Court on Plaintiff Albert T. Kidd, Jr.'s Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of December 1, 2005 ("Report"), which recommended affirming the Commissioner's denial of Social Security disability benefits. The Commissioner has responded to Plaintiff's Objection. The Court reviews the Report and Recommendation pursuant to 42 U.S.C. § 405(g), to determine whether the decision of the Commissioner is supported by substantial evidence and is otherwise in accordance with the law. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986).

      The Commissioner, through her Administrative Law Judge ("ALJ"), found that Plaintiff suffered from multiple impairments, those being: (1) degenerative disc disease and related conditions; (2) obesity; (3) and various severe mental impairments. The ALJ ultimately concluded that Plaintiff's impairments, whether considered alone or in concert, failed to satisfy the requirements of any of the listed impairments in Title 20 of the Code of Federal Regulations, Chapter III, Part 404, Subpart P, Appendix 1. Consequently, the ALJ found Plaintiff was not disabled within

the meaning of the Social Security Act because he could perform a significant number of jobs despite his limitations. Plaintiff has Objected to the Report asserting additional evidence requires remand.

Plaintiff submitted additional evidence to the Appeals Council, which was not considered by the ALJ, when he sought review of the ALJ's decision. The Appeals Council received the evidence, considered it, but declined to review the ALJ's decision. When the Appeals Council considers new evidence that was not before the ALJ and declines to review the ALJ's decision, this Court cannot consider the new evidence when reviewing the claimant's appeal of the ALJ's decision. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 695-96 (6th Cir. 1993). This rule, however, is not without qualifications.

If the claimant can demonstrate that the new evidence is material and that good cause existed for failing to originally present it to the ALJ, the Court can remand the matter for further proceedings during which the new evidence can be considered. *Cline*, 96 F.3d at 148. To show that the new evidence is material, the claimant must prove within a reasonable probability that the ALJ would have decided his case differently if the new evidence would have been considered. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). In his Objection, Plaintiff believes that he has shown that his new evidence is material and the Report should have remanded his case. Plaintiff's additional evidence consists of the results from a July, 17, 2004 Magnetic Resonance Imaging ("MRI") and an August 23, 2004 letter authored by Dr. Paul Delmar.

The July 17, 2004 MRI results indicate that previous injuries to Plaintiff's lumbar spine were severe; however, it also indicated that his back condition was stable and less than disabling. The Report found the MRI results would not reasonably lead to a different result. The Court agrees,

particularly because the MRI results would be simply cumulative. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990) (citing *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)). Plaintiff admits the July 17, 2004 MRI results demonstrate that his back condition "has not significantly increased since the 1997 MRI." (Pl.'s Obj. at 1-2). Therefore, the July 17, 2004 MRI results are not material and remand is unnecessary. *Cline*, 96 F.3d at 148.

Similarly, Delmar's August 23, 2004 letter does not amount to material evidence. Delmar's letter faults the ALJ for denying benefits and reiterates his previous position that Plaintiff is disabled. However, Delmar's letter is not based on any new evidence, test results, or examinations. Therefore, the Court agrees with the Report that Delmar's letter is simply argument and is not material evidence warranting remand. *Id.*

The Commissioner's decision is supported by substantial evidence and is otherwise in accordance with the law.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Albert T. Kidd, Jr.'s Objections (Dkt. No. 16) are **DENIED** and the Commissioner's decision denying Plaintiff disability benefits is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>February 10, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |